Reese, J.
delivered the opinion of the court.
The complainant is a judgment creditor of William Roney the defendant, and caused an execution to be issued to obtain satisfaction of said judgment, upon which there was a return of nulla bona. It seems, that in the year 1836 the defendant Ro-ney intermarried with the daughter of defendant Grainger; and some time after the intermarriage, the father-in-law placed a negro girl slave in the possession of the son-in-law; but the answer of the former to the bill, states that he made no gift of the slave, either written or verbal. The proof, however,.makes out, that a little before the time when Roney came into the possession of the slave, Grainger sent him a-message, or stated to him, that if he did not come and take possession of his negro, he would charge him for her board. Before, however, the slave had been-two years in the possession of Roney, the latter agreed to hire her of Grainger, and .gave to him his note for the sum stipulated for the hire, and this he continued to do for two or three years, and until Grainger sold and conveyed the slave to one Crenshaw, for the price of four hundred and fifty dollars. In this conveyance, at the request of Crenshaw, Roney joined. With the proceeds of the sale of the slave, Grainger bought a *348 tract of land, took the title to himself, and settled Roney and his family. The complainant files this bill to obtain satisfaction of his judgment against Grainger, upon the ground that he has funds or effects in his hands which equitably belong to Ro-ney.
The Chancellor, upon hearing of the cause, dismissed complainant’s bill, and he has appealed to this court.. On the part of the complainant, it has not been contended, that the delivery of the slave, or even the alledged verbal gift, vested in Roney by their own proper force and operation, any title whatever to the slave in question. For, since our act of 1831, gifts of slaves, to be valid, must be in writing. But it is insisted, that the statute of limitations of three years vested in Roney a good title to the- slave. It has been held by this court, in the cases of McDonald vs. McDonald, 8 Yer. 145, and McKissick vs. McKissick, Meigs’ Rep. 434, which arose under, and were controlled by the act of North Carolina in 1806, that in pursuance to the decisions of that State, upon the construction of the act of 1806, “the mere fact that a father puts his child in possession of ne-groes, will not, no matter how long he retains that possession, give him a title to them by the statute of limitations. That the reason why the statute of limitations does not run in favor of such possession is, that it is not held adversely. The possessor is a mere bailee for the owner, and the possession is that of the owner.” We apprehend this relation of bailment and its consequences is limited to the case put, namely, where the parent places *a negro in the possession of a child, without more, — in such case the statute would commence running from the time that the bailee notified the bailor that he disclaimed his title, and held for himself. But if in addition to the delivery, there be an express gift of the property, although verbal, the possession of the donee would from the nature of the transaction be for himself exclusively, and the statute would commence running; and if the donor did not, by suit or otherwise, reclaim the property, the title, not by operation of the gift and delivery, indeed, but by the adverse possession and the statute, would be vested in the donee as against the donor and others; the verbal gift, in such case, invalid as conferring title, would yet serve to *349 manifest and establish the nature and character of the donee’s profession.
If in the case before us, the fact be as the defendant Grain-ger insists, that there was no verbal gift, then it was, as we have said, a case of simple bailment, and the statute for aught that appears, never commenced to run. If it were, as the complainant contends, a'verbal gift, then the statute may have commenced running; ahd the question would be, whether the donee had three years’ possession of the slave claiming her adversely and for himself. The proof .is, that he had not such possession; but, on the contrary, after being a year or two in possession, he hired the negro of Grainger, and gave his note for the sum stipulated. But it is said this was done to coverup the property, and defraud his creditors.
The obvious answer is, that the gift constituted no title. The property was not his at all, and so could not be covered up, nor his creditors with regard to it be defrauded.
Upon the whole, then, it is very clear that the decree of the Chancellor must be affirmed, and the bill be dismissed with costs-